IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HENRY RICHARDS                                                                    PLAINTIFF

V.                                          4:07CV00788JMM

UNIVERSITY OF CENTRAL
ARKANSAS                                                                          DEFENDANT

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Pending is the Defendant's Motion to Dismiss.  Plaintiff has responded to the motion. For the reasons set forth below, the Motion is GRANTED.

Plaintiff was employed as a Grounds Maintenance worker for the University of Central Arkansas.  Plaintiff claims he was terminated by the University based upon his age.  Plaintiff filed suit against the University alleging violation of his rights under Title VII and 42 U.S.C. § 1983.  Defendant asks the Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Specifically, Defendant contends that the University is immune from suit regarding Plaintiff's § 1983 claims, Title VII does not include "age" as a protected class, and, in case Plaintiff intended to bring his claim under the ADEA, the University is also immune from suit under the ADEA.  The Court agrees.

Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).   The Court must take a plaintiff 's well-pleaded allegations as true and construe all reasonable inferences in a plaintiff's favor.  *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36-37 (8th Cir. 1995).  Thus the issue to be decided by the Court under Rule 12(b)(6) is whether a plaintiff is entitled to present evidence to support his or her claims, not whether a plaintiff will ultimately

prevail. *Id.* at 37. "[A]s a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief" should a motion to dismiss be granted. *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974)).

Title VII prohibits an employer from discharging an individual on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. Title VII does not provide protection from discrimination on the basis of age. *General Dynamics Land Systems, Inc. v. Cline,* 540 U.S. 581, 586-587, 124 S.Ct. 1236,1240 (2004)("Congress chose not to include age within discrimination forbidden by Title VII of the Civil Rights Act of 1964, § 715. . . ."). Further, the University is absolutely immune from suit brought under 42 U.S.C. § 1983 or the ADEA. *See Goss v. Arkansas*, 164 F.3d 430, 431 (8th Cir. 1999)(ADEA); *Monroe v. Arkansas State University*, 495 F.3d 591 (8th Cir. 2007)(§ 1983). Therefore, Defendant's Motion to Dismiss must be granted.

In his response, Plaintiff urges the Court to change the law and to allow citizens to sue state agencies for age discrimination. This Court does not have the authority to change the law. The doctrine of stare decisis, which means to stand by things decided, "promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *Payne v. Tennessee*, 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991). The Supreme Court has recognized "the important doctrine of stare decisis ... ensure[s] that the law will not merely change erratically, but will develop in a principled and intelligible fashion." *Vasquez v. Hillery*, 474 U.S. 254, 265, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986).

For these reasons, Defendant's Motion to Dismiss (Docket # 9) is GRANTED. The

Clerk is directed to close the case.

IT IS SO ORDERED this 7th day of November 2007.

_____
James M. Moody
United States District Judge